

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 AUG 16 PM 3: 34

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL THOMPSON,<br><br>                    Plaintiff,<br><br>          vs.<br><br>THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK,<br><br>                Defendants. | **Case No.: 04cv1685** <br><br>**MOTION OF THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL** |
| COBURN BLAND, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK,<br><br>                Defendants. | **Case No.:2:04cv1773** |



\_\_\_ Fee_____
\_\_\_ Process_____
**X** Dktd_____
\_\_ CtRmDep_____
\_\_ Doc. No._____

| | |
|---|---|
| LIANA DIDO, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE SHAW GROUP, INC., J.M. BERNHARD, JR., TIM A. BARFIELD, JR., ROBERT L. BELK and RICHARD F. GILL,<br><br>Defendants. | **Case No.04-cv-1787** |
| STEPHEN ANISH,<br><br>Plaintiff,<br><br>vs.<br><br>THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK,<br><br>Defendants. | **Case No.:04-CV-1896** |
| KOON FUNG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK,<br><br>Defendants. | **Case No.:04-CV-1938** |

| | |
|---|---|
| ALFRED D. WHITE, JR., on Behalf of Himself and All Others Similarly Situated, | |
| Plaintiff, | **Case No.:04-CV-1949** |
| vs. | |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK, | |
| Defendants. | |
| FREDERICK HUSAR, On Behalf of Himself and All Others Similarly Situated, | |
| Plaintiff, | **Case No. 04-CV-2011** |
| vs. | |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK, | |
| Defendants. | |
| DONALD LOMAX, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | **Case No. 04-CV-2030** |
| vs. | |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK, | |
| Defendants. | |

3

| | |
|---|---|
| DAVID P. JOHNSON, On Behalf Himself and All Others Similarly Situated, | |
| Plaintiff, | **Case No. 04-CV-2048** |
| vs. | |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK, | |
| Defendants. | |
| SASHA SRECKOVIC, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | **Case No.:04-CV-2077** |
| vs. | |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., AND ROBERT BELK, | |
| Defendants. | |
| POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT, individually And On Behalf Of All Others Similarly Situated, | |
| Plaintiff, | **Case No.:04-CV-2318** |
| -against- | |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., ROBERT BELK, and RICHARD F. GILL, | |
| Defendants. | |

4

NOW INTO COURT, through undersigned counsel, comes plaintiff, The Policemen and Firemen Retirement System of the City of Detroit, who, pursuant to Fed R. Civ. P. 42 and §21(D) et seq. of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), moves for an Order (i) consolidating the above captioned related actions, (ii) appointing The Policemen and Firemen Retirement System of the City of Detroit as Lead Plaintiff; (iii) approving Lead Plaintiff's selection of Kirby McInerney & Squire LLP as Plaintiff's Lead Counsel for the Class.

This Motion is made on the ground that good cause exists for the granting of the Order sought, and is based on the accompanying Memorandum of points and authorities, the Affidavit of Randall K. Berger, and the Court's complete files and records in the above-captioned actions, as well as such further argument as the Court may allow at the hearing on this Motion.

WHEREFORE, plaintiff, The Policemen and Firemen Retirement System of the City of Detroit, prays for an Order of this Court (i) consolidating the above captioned related actions, (ii) appointing The Policemen and Firemen Retirement System of the City of Detroit as Lead Plaintiff; (iii) approving Lead Plaintiff's selection of Kirby McInerney & Squire LLP as Plaintiff's Lead Counsel for the Class.

Dated: August __16__, 2004

Respectfully submitted,

GLADSTONE N. JONES (#22221), T.A.
PETER N. FREIBERG (#22912)
LYNN E. SWANSON (#22650)
JONES, VERRAS & FREIBERG, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500

5

PETER S. LINDEN
RANDALL K. BERGER
IRA M. PRESS
KIRBY MCINERNEY & SQUIRE, LLP
830 Third Avenue, 10th Floor
New York, New York 10022
(212) 371-6600

JAMES ALLEN, SR.
ALLEN BROTHERS, P.L.L.C.
400 Monroe, Suite 220
Detroit, MI 48226
(313) 962-7777

Attorneys for Movant, The Policemen and
Firemen Retirement System of the City of Detroit

6

## CERTIFICATE OF SERVICE

I hereby certify that I have on this __16th__ day of August, 2004 caused a copy of the: 1) Motion of the Policemen and Firemen Retirement System of the City of Detroit for Consolidation, Appointment of Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel, 2) Memorandum in Support of Motion of the Policemen and Firemen Retirement System of the City of Detroit for Consolidation, Appointment of Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel, 3) Notice of Hearing, and 4) Request for Oral Argument to be served upon all known counsel of record by directing the law firm of Kirby, McInerney and Squire to deposit same in the United States Mail, first class postage prepaid and properly addressed to:

Lewis Stephen Kahn, Esq.
Kahn Gauthier Law Group, LLC
One Galleria Boulevard, Suite 1726
Metairie, Louisiana 70001
(504) 445-1400

John D. Fitzmorris, Jr.
210 Baronne Street, Suite 1122
New Orleans, Louisiana 70112
(504) 586-9395


Joseph H. Weiss
WEISS & YOURMAN
551 Fifth Avenue
New York, New York 10176
(212) 682-3025


Jules Brody
Aaron Brody
STULL, STULL & BRODY
6 East 45th Street
New York, New York 10017
(212) 687-7230

C. Mark Whitehead, III
THE WHITEHEAD LAW FIRM
610 Baronne Street
New Orleans, Louisiana 70113
(504) 586-8899

Philip Bohrer
BOHRER LAW FIRM, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
(225) 925-5297


Fred Taylor Isquith
WOLF  HALDENSTEIN  ADLER
FREEMAN & HERZ, LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600


Robert L. Redfearn
SIMON,  PERAGINE,  SMITH  &
REDFEARN LLP
30th Floor, Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
(504) 569-2030

**Bernard L. Charbonnet, Jr.**
**Desiree M. Charbonnet**
**2140 Rue Royale**
**at Washington Square**
**New Orleans, Louisiana  70116-1651**
**(504) 949-0996**

**Gary P. Koederitz**
**KOEDERITZ & WILKINS**
**8702 Jefferson Highway, Suite A**
**Baton Rouge, Louisiana  70809**
**(225) 928-9111**

**William Paul Wilkins**
**LEBLANC & WADDELL LLC**
**The Essen Centre**
**5353 Essen Lane, Suite 420**
**Baton Rouge, Louisiana  70809**
**(225) 768-7222**

Attorneys for Plaintiffs

**The Shaw Group, Inc.**
**through its Registered Agent:**
**CT Corporation System**
**8550 United Plaza Boulevard**
**Baton Rouge, Louisiana  70809**

**Tim Barfield, Jr.**
**J.M. Bernhard, Jr.**
**Richard F. Gill**
**Robert Belk**
**c/o The Shaw Group, Inc.**
**4171 Essen Lane**
**Baton Rouge, Louisiana  70809**
**(225) 932-2500**

Attorneys for Defendants

Lynn E. Swanson

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL THOMPSON, | **Case No.: 04cv1685** |
| Plaintiff, | **NOTICE OF HEARING OF MOTION OF THE POLICEMEN AND FIREMEN RETIREMENT** |
| vs. | **SYSTEM OF THE CITY OF DETROIT FOR CONSOLIDATION,** |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK, | **APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION** |
| Defendants. | **OF LEAD COUNSEL** |
| COBURN BLAND, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| vs. | **Case No.:2:04cv1773** |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK, | |
| Defendants. | |

| | |
|---|---|
| LIANA DIDO, On Behalf of Herself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>          vs.<br><br>THE SHAW GROUP, INC., J.M. BERNHARD, JR., TIM A. BARFIELD, JR., ROBERT L. BELK and RICHARD F. GILL,<br><br>          Defendants. | **Case No.04-cv-1787** |
| STEPHEN ANISH,<br><br>          Plaintiff,<br><br>          vs.<br><br>THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK,<br><br>          Defendants. | **Case No.:04-CV-1896** |
| KOON FUNG, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>          vs.<br><br>THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK,<br><br>          Defendants. | **Case No.:04-CV-1938** |

2

| | |
|---|---|
| ALFRED D. WHITE, JR., on Behalf of Himself and All Others Similarly Situated,<br><br>     Plaintiff,<br><br>    vs.<br><br>THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK,<br><br>     Defendants. | **Case No.:04-CV-1949** |
| FREDERICK HUSAR, On Behalf of Himself and All Others Similarly Situated,<br><br>     Plaintiff,<br><br>    vs.<br><br>THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK,<br><br>     Defendants. | **Case No. 04-CV-2011** |
| DONALD LOMAX, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>    vs.<br><br>THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK,<br><br>     Defendants. | **Case No. 04-CV-2030** |

3

DAVID P. JOHNSON, On Behalf Himself and All
Others Similarly Situated,

             Plaintiff,               **Case No. 04-CV-2048**

        vs.

THE SHAW GROUP, INC., TIM BARFIELD, JR.,
J.M. Bernhard, JR., RICHARD F. GILL and
ROBERT BELK,

             Defendants.

SASHA SRECKOVIC, Individually and on behalf of
all others similarly situated,

             Plaintiff,

                             **Case No.:04-CV-2077**

        vs.

THE SHAW GROUP, INC., TIM BARFIELD, JR.,
J.M. Bernhard, JR., AND ROBERT BELK,

             Defendants.

POLICEMEN AND FIREMEN RETIREMENT
SYSTEM OF THE CITY OF DETROIT, individually
And On Behalf Of All Others Similarly Situated,

             Plaintiff,

                             **Case No.:04-CV-2318**

        -against-

THE SHAW GROUP, INC., TIM BARFIELD, JR.,
J.M. Bernhard, JR., ROBERT BELK, and
RICHARD F. GILL,

             Defendants.

PLEASE TAKE NOTICE THAT the Motion of the Policemen and Firemen Retirement System of the City of Detroit for Consolidation, Appointment of Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel will come on for hearing before the Honorable Helen G. Berrigan of the above-entitled Court, Courtroom C552, 500 Poydras Street, Room C556, New Orleans, Louisiana 70130, on September 15, 2004 at 9:30 a.m. or as soon thereafter as counsel may be heard. Please take all actions that you deem appropriate.

Dated: August ___16___, 2004

                                        Respectfully submitted,

                                        _Lynn E. Swanson_
                                        GLADSTONE N. JONES (#22221), T.A.
                                        PETER N. FREIBERG (#22912)
                                        LYNN E. SWANSON (#22650)
                                        JONES, VERRAS & FREIBERG, L.L.C.
                                        601 Poydras Street, Suite 2655
                                        New Orleans, Louisiana 70130
                                        Telephone: (504) 523-2500

                                        PETER S. LINDEN
                                        RANDALL K. BERGER
                                        IRA M. PRESS
                                        KIRBY MCINERNEY & SQUIRE, LLP
                                        830 Third Avenue, 10th Floor
                                        New York, New York 10022
                                        (212) 371-6600

                                        JAMES ALLEN, SR.
                                        ALLEN BROTHERS, P.L.L.C.
                                        400 Monroe, Suite 220
                                        Detroit, MI 48226
                                        (313) 962-7777

                                        Attorneys for Movant, The Policemen and Firemen Retirement System of the City of Detroit

## CERTIFICATE OF SERVICE

I hereby certify that I have on this __16th__ day of August, 2004 caused a copy of the: 1) Motion

of the Policemen and Firemen Retirement System of the City of Detroit for Consolidation, Appointment

of Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel, 2) Memorandum in Support

of Motion of the Policemen and Firemen Retirement System of the City of Detroit for Consolidation,

Appointment of Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel and attachments

thereto, 3) Notice of Hearing, and 4) Request for Oral Argument to be served upon all known counsel of

record by directing the law firm of Kirby, McInerney and Squire to deposit same in the United States Mail,

first class postage prepaid and properly addressed to:

Lewis Stephen Kahn, Esq.
Kahn Gauthier Law Group, LLC
One Galleria Boulevard, Suite 1726
Metairie, Louisiana  70001
(504) 445-1400

John D. Fitzmorris, Jr.
210 Baronne Street, Suite 1122
New Orleans, Louisiana  70112
(504) 586-9395

Joseph H. Weiss
WEISS & YOURMAN
551 Fifth Avenue
New York, New York  10176
(212) 682-3025

Jules Brody
Aaron Brody
STULL, STULL & BRODY
6 East 45th Street
New York, New York  10017
(212) 687-7230

C. Mark Whitehead, III
THE WHITEHEAD LAW FIRM
610 Baronne Street
New Orleans, Louisiana  70113
(504) 586-8899

Philip Bohrer
BOHRER LAW FIRM, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
(225) 925-5297

Fred Taylor Isquith
WOLF   HALDENSTEIN   ADLER
FREEMAN & HERZ, LLP
270 Madison Avenue
New York, New York  10016
(212) 545-4600

Robert L. Redfearn
SIMON,   PERAGINE,   SMITH   &
REDFEARN LLP
30th Floor, Energy Centre
1100 Poydras Street
New Orleans, Louisiana  70163
(504) 569-2030

Bernard L. Charbonnet, Jr.
Desiree M. Charbonnet
2140 Rue Royale
at Washington Square
New Orleans, Louisiana  70116-1651
(504) 949-0996

Gary P. Koederitz
KOEDERITZ & WILKINS
8702 Jefferson Highway, Suite A
Baton Rouge, Louisiana  70809
(225) 928-9111

William Paul Wilkins
LEBLANC & WADDELL LLC
The Essen Centre
5353 Essen Lane, Suite 420
Baton Rouge, Louisiana  70809
(225) 768-7222

Attorneys for Plaintiffs


The Shaw Group, Inc.
through its Registered Agent:
CT Corporation System
8550 United Plaza Boulevard
Baton Rouge, Louisiana  70809

Tim Barfield, Jr.
J.M. Bernhard, Jr.
Richard F. Gill
Robert Belk
c/o The Shaw Group, Inc.
4171 Essen Lane
Baton Rouge, Louisiana  70809
(225) 932-2500

Attorneys for Defendants


Lynn E. Swanson

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL THOMPSON, | **Case No.: 04cv1685** |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF MOTION OF THE POLICEMEN AND FIREMEN RETIREMENT** |
| vs. | **SYSTEM OF THE CITY OF** |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK, | **DETROIT FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION** |
| Defendants. | **OF LEAD COUNSEL** |
| COBURN BLAND, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| vs. | **Case No.:2:04cv1773** |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK, | |
| Defendants. | |

| | |
|---|---|
| LIANA DIDO, On Behalf of Herself and All Others Similarly Situated, | |
| Plaintiff, | |
| vs. | **Case No.04-cv-1787** |
| THE SHAW GROUP, INC., J.M. BERNHARD, JR., TIM A. BARFIELD, JR., ROBERT L. BELK and RICHARD F. GILL, | |
| Defendants. | |
| STEPHEN ANISH, | |
| Plaintiff, | **Case No.:04-CV-1896** |
| vs. | |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK, | |
| Defendants. | |
| KOON FUNG, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| vs. | **Case No.:04-CV-1938** |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK, | |
| Defendants. | |

| | |
|---|---|
| ALFRED D. WHITE, JR., on Behalf of Himself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>      vs.<br><br>THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK,<br><br>          Defendants. | **Case No.:04-CV-1949** |
| FREDERICK HUSAR, On Behalf of Himself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>      vs.<br><br>THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK,<br><br>          Defendants. | **Case No. 04-CV-2011** |
| DONALD LOMAX, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>      vs.<br><br>THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK,<br><br>          Defendants. | **Case No. 04-CV-2030** |

3

| | |
|---|---|
| DAVID P. JOHNSON, On Behalf Himself and All Others Similarly Situated, | |
| Plaintiff, | **Case No. 04-CV-2048** |
| vs. | |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., RICHARD F. GILL and ROBERT BELK, | |
| Defendants. | |
| SASHA SRECKOVIC, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | **Case No.:04-CV-2077** |
| vs. | |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., AND ROBERT BELK, | |
| Defendants. | |
| POLICEMEN AND FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT, individually And On Behalf Of All Others Similarly Situated, | |
| Plaintiff, | **Case No.:04-CV-2318** |
| -against- | |
| THE SHAW GROUP, INC., TIM BARFIELD, JR., J.M. Bernhard, JR., ROBERT BELK, and RICHARD F. GILL, | |
| Defendants. | |

4

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................... ii

INTRODUCTION ........................................................... 1

FACTUAL BACKGROUND .................................................... 2

ARGUMENT .............................................................. 6

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED .................... 6

II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ..................... 7

        A.      Movant is Willing to Serve as Lead Plaintiff
                On Behalf of All Purchasers of Shaw Group Securities ................... 8

        B.      Movant has the Largest Financial
                Interest in the Relief Sought by the Class .............................. 8

        C.      Movant Satisfies the Requirements of
                Rule 23 of the Federal Rules of Civil Procedure ......................... 9

        D.      Movant Will Fairly and Adequately Represent the
                Interests of the Class and is Not Subject to Unique Defenses .............. 11

III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ............ 12

CONCLUSION ........................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Daniels v. Amerco,*
   1983-1 Trade Cas. P 65, 274 (S.D.N.Y.1983) .................................... 10

*Fischler v. Amsouth Bancorporation,*
   1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997) ........................... 9

*Fitzgerald v. Citigroup,*
   2004 WL 613107 (S.D.N.Y. Mar. 26, 2004) ................................... 7, 9

*Gluck v. Cellstar Corp.,*
   976 F. Supp. 542 (N.D. Tex. 1997) ........................................... 9

*Shipes v. Trinity Indus.,*
   987 F.2d 311, 316 (5th Cir. 1993) ....................................... 10, 11

*In re Guess? Inc. Securities Litigation,*
   2001 WL 861694 (C.D.Cal., Apr. 26, 2001) .................................... 12

*In re Olsten Corp. Sec. Litig.,*
   3 F.Supp. 2d 286 (E.D.N.Y. 1998) ........................................... 10

*In re Oxford Health Plans,*
   191 F.R.D. 369 (S.D.N.Y. 2000) ............................................. 10

*In re Oxford Health Plans, Inc. Sec. Litig.,*
   182 F.R.D. 42 (S.D.N.Y. 1998) ............................................. 10

*Lax v. First Merchants Acceptable Corporation,*
   1997 U.S. Dist. LEXIS 11866 (N.D. Il. 1997) ................................. 9

*Santa Fe Int'l Corp. v. Transcontinental Gas Pipe Line Corp.,*
   728 F. Supp. 435, 436 (E.D. Tex. 1989) ...................................... 6

**Statutes**

15 U.S.C. 78u-4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fed R. Civ. P. 42(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7

Fed. R. Civ. P. 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## INTRODUCTION

The Policemen and Firemen Retirement System of The City of Detroit ("Movant") respectfully submits this memorandum of law in support of its motion (i) for an order pursuant to Fed R. Civ. P. 42(a) consolidating the above-captioned actions; (ii) for its appointment pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") as Lead Plaintiff in the above-captioned securities fraud class actions; and (iii) for the Court's approval of its selection of Lead Counsel for the proposed Class.

The above captioned proposed class actions all allege violations by Shaw Group Inc. ("Shaw Group" or the "Company") and certain of their officers and directors of § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

Movant, The Policemen and Firemen Retirement System of the City of Detroit, is a member of the proposed class of purchasers of Shaw Group securities between October 19, 2000 through June 10, 2004 (the "Class Period"). Movant, an institutional investor, has suffered losses of more than $1.4 million from its Class Period transaction in Shaw Group securities. See exhibit C to accompanying affidavit of Randall K. Berger ("Berger Aff.").

## FACTUAL BACKGROUND

Defendant Shaw, headquartered in Baton Rouge, describes itself as "a leading global provider of comprehensive services to the power, process, and environmental and infrastructure industries." Also named as defendants are Tim Barfield, Jr., Chief Operating Officer of Shaw Group; J.M. Bernhard, Jr., Chief Executive Officer of Shaw Group; Robert Belk, Chief Financial Officer of Shaw Group, and Richard F. Gill, Vice President of Shaw Group.

In connection with Shaw's acquisitions of two companies in the midst of bankruptcy proceedings – Stone & Webster and The IT Group – immediately prior to and during the Class Period, defendants stated that certain of the contracts they had acquired through the acquisitions possessed inherent losses or lower-than-market profit margins (which defendants attributed to the weak negotiating position of the financially-troubled companies).

Following each acquisition, defendants stated that they would establish two related reserves (the "contract loss reserves" and the "gross margin reserve" – collectively, the "contract reserves") which *purportedly* would be used to "adjust" such contracts to their fair value at acquisition date by, respectively, reducing contract costs incurred in future periods, and adjusting the gross margins recognized on the contracts. In connection with the Stone & Webster acquisition, defendants stated, in November 2000, that they had established an $83.7 million gross margin reserve and a $36.4 million contract loss reserve. One year later, defendants increased the gross margin reserve account, purportedly due to "a more accurate determination of the actual contract status at the acquisition date", by adding a further $38.1 million to reduce contract costs incurred in future periods, and increased the contract loss reserve by a further $5.4 million in accrued future cash losses. In connection with the May 2002 IT Group acquisition, defendants

2

added a further $43.4 million to the gross margin reserve and $21.25 to the contract loss reserve. In sum, purportedly in connection with the two acquisitions, defendants established a total gross margin reserve of $165.2 million and a total contract loss reserve of approximately $63.0 million.

In fact, defendants misrepresented the nature, necessity and purpose of the contract reserves. The contract reserves were not based on reasonable fair-market valuation of the contracts acquired as a result of the Stone & Webster and IT Group acquisitions. Rather, the contract reserves were 'overfunded' for their purported purpose because, in fact, they served another, undisclosed purpose for defendants. In fact, the contract reserves, stocked by defendants with approximately $228.1 million, were established and used by defendants as a source of funds that defendants could and did draw upon to artificially reduce Shaw's reported costs and thereby cause Shaw to report, upon demand, artificially-inflated earnings and earnings growth.

By drawing upon the misrepresented contract reserves in order to reduce publicly-reported costs and thereby increase publicly-reported earnings and earnings growth, defendants caused Shaw to issue materially false and misleading financial results during the Class Period. Defendants were thus "managing" Shaw's earnings as opposed to reporting Shaw's true financial condition and results.

As a result of defendants' false and misleading statements, including Shaw's false and misleading financial results and financial statements, Shaw securities traded at artificially-inflated prices during the Class Period.

In mid-2001, market rumors of accounting problems at Shaw contributed to a dramatic yet partial 'deflation' of Shaw's share price in which Shaw's common stock lost more than half of its value, falling

3

from approximately $60 per share[1] in June 2001 to below $30 per share by August 2001.  At the time, defendants explicitly denied that there were any problems at Shaw that justified the decline: on June 21, 2001, defendants caused Shaw to issue a press release in response to the "recent market activity in Shaw stock" which stated:

> The Shaw Group Inc. announced today that it knows of no specific reason internal to the Company for the recent decline in the stock price over the past several days. Additionally, the Company noted continued strength in margins and growing backlog. Shaw expects to report third quarter results for 2001 on July 10. For the third quarter as well as the year ended August 31, 2001, the Company remains comfortable with current analysts' estimates for earnings, backlog and margins

Six months later, after a further, sharp, yet-still-partial deflation in early December 2001, during which time Shaw's share price fell 33% from $30 to $20, defendants again explicitly denied the existence of any problems at Shaw that could justify the recent share price declines.  Defendants again caused Shaw, on December 12, 2001, to issue a press release in response to the "recent market activity in Shaw stock" which stated:

> The Shaw Group Inc. announced today that it has suffered no deterioration in its current business or backlog which would account for the recent decline in the stock price. The Company's backlog contains no projects from Enron or Calpine. Shaw expects to report first quarter results for 2002 on or about January 11, 2002. The Company remains comfortable with current analysts' consensus estimates for earnings, backlog and margins for fiscal 2002 and 2003.

---

[1]        All stock prices are adjusted to account for Shaw's two-for-one stock split on December 18, 2000.

4

Defendants' June 21, 2001 and December 12, 2001 press releases had the effect of preserving Shaw's shares at artificially-inflated prices by discrediting market "rumors" of accounting issues and thereby stemming part of the deflationary pressures on Shaw shares. These press releases, however, were materially false and misleading, because, unbeknownst to the public, defendants were using the contract reserves to "manage" earnings so as to calibrate such purported "earnings" to the very analyst expectations that defendants' statements expressed confidence in meeting.

During the Class Period, defendants and other company insiders took full advantage of Shaw's materially misrepresented financial results and the corresponding artificial inflation of Shaw's share price in order to sell Shaw securities at inflated prices. First, company insiders received approximately $80 million from their sales (primarily in late 2000 and early 2001) of nearly 2 million shares of Shaw stock (approximately $60 million of which flowed to the four individuals named as defendants here). Second, Shaw funded its May 2002 acquisition of the IT Group with 1.67 million of its shares, then valued at $50 million. Third, Shaw raised $490 million from the issue and sale, in May 2002, of convertible zero-coupon liquid yield option notes ("LYONS"). Fourth, Shaw raised approximately $250 million through a March 2003 offering of 10.75% senior unsecured notes due March 15, 2001. Finally, Shaw raised a further $218.5 million from a secondary offering of 23 million shares of its common stock on October 29, 2003.

On June 10, 2004, defendants disclosed that Shaw had been notified on June 1, 2004 that it was the subject of an informal SEC investigation focusing on defendants' accounting for Shaw's acquisitions. Market reaction to this disclosure on the next trading day, June 13, 2004, was swift: Shaw shares lost approximately 18% of their remaining value, falling from $12.28 to $10.05.

5

## ARGUMENT

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of

law and fact such that consolidation would prevent unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it
> may order a joint hearing or trial of any or all of the matters in issue in the actions; it may
> order all the actions consolidated; and it may make such orders concerning proceedings
> therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting

substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-

4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation

under Fed. R. Civ. P. 42(a). Neither Rule 42 nor the PSLRA requires that actions be identical in order to

be consolidated. See *Santa Fe Int'l Corp. v. Transcontinental Gas Pipe Line Corp.*, 728 F. Supp. 435,

436 (E.D. Tex. 1989).

All of the above-captioned actions have the same core defendants: Shaw Group, Inc., Tim Barfield,

Jr., J.M. Bernhard, Jr., Richard F. Gill and Robert Belk, and allege the same legal bases for liability:

Sections 10(b) and 20(a) of the Exchange Act. Furthermore, each of these actions alleges that defendants

made materially false and misleading statements during the class period which materially misstated Shaw

Group' financial performance, and in turn artificially inflated the market price for Shaw Group securities.

All of the actions seek to be certified as class actions on behalf of a class of similarly-situated investors in

Shaw Group securities.

6

These common issues of law and fact, contained in the actions before this Court, support consolidation pursuant to Fed. R. Civ. P. 42(a). Accordingly, consolidation should be granted.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Sections 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members made within 60 days of a published notice of class action.

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

>  (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>  (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Furthermore, courts have made clear time and time again that the PSLRA expresses a preference for appointment of institutional investors as lead plaintiff. *See Fitzgerald v. Citigroup*, 2004 WL 613107 *1 (S.D.N.Y. March 26, 2004); *Sofran v. LaBranche & Co., Inc.*, *supra*, 220 F.R.D. at 403. Movant, a public pension fund, is precisely the sort of investor that is preferred under the PSLRA.

As set forth below, Movant, an institutional investor, satisfies all of the relevant criteria and thus is entitled to the presumption that it is the most adequate plaintiff to represent all purchasers of Shaw Group securities. Accordingly, Movant's motion to be appointed Lead Plaintiff for the Class should be granted.

7

**A.    Movant is Willing to Serve as Lead Plaintiff
On Behalf of All Purchasers of Shaw Group Securities**

On June 17, 2004, counsel for plaintiff in one of the above-captioned actions caused a notice to be published on PR Newswire, pursuant to Sections 21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against the defendants herein, and advising purchasers of Shaw Group securities that they had until August 16, 2004 to file a motion to be appointed as Lead Plaintiff. *See* Berger Aff. Exhibit A. The PSLRA provides that motions for appointment of lead plaintiff must be filed within 60 days following publication of the statutory notice. Movant has filed one of the above-captioned actions (04-CV-2318), and has also filed this motion within the statutory time period. In connection with this motion and the filing of its complaint, Movant has attached a sworn Certification attesting that it is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Berger Aff., at Exhibit B.

Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

**B.    Movant has the Largest Financial
Interest in the Relief Sought by the Class**

The PSLRA provides that the most adequate plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

Movant invested about $2.7 million in Shaw Group securities during the class period, and suffered damages of approximately $1.4 million. See Berger Decl., Ex. C.

Movant believes that its investments in Shaw Group securities and its losses from such investments, are greater than those of all other qualified movants seeking appointment as lead plaintiff and, thus, that Movant here possesses the largest financial interest in the relief sought by the class.

### C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certification, only two – typicality and adequacy – directly address the personal characteristics of the proposed class representative. Consequently, in deciding a motion for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997); *Lax v. First Merchants Acceptable Corporation, et al.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Il. 1997) at *20 ("Evidence regarding the requirements of Rule 23 will of course, be heard in full at the class certification hearing. There is no need to require anything more than a preliminary showing at this stage") (quoting *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)), *accord, Fitzgerald v.*

9

*Citigroup, supra* 2004 WL 613107 \*3; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp. 2d 286, 296 (E.D.N.Y. 1998) ("At this stage in the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23").

Movant fulfills all of the requirements of Rule 23. Movant shares substantially the same questions of law and fact with other purchasers of Shaw Group securities, such as, whether defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements which falsely depicted Shaw Group financials, and whether these statements artificially inflated the price of Shaw Group's securities. Movant purchased Shaw Group securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. All other persons and entities who acquired Shaw Group securities during the Class Period overpaid as a result of the same misconduct that caused Movant's injury. *See, e.g., Shipes v. Trinity Indus.*, 987 F.2d 311, 316 (5th Cir. 1993); *Krogman v. Sterritt*, 202 F.R.D. 467, 472 (N.D. Tex. 2001); *Durrett v. John Deere Co.*, 150 F.R.D. 555, 558 (N.D. Tex. 1993); *In re Oxford Health Plans*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000) (typicality under Rule 23 requires that a class representative "have the incentive to prove all the elements of the cause of action which would be represented by the individual members of the class were they initiating individualized actions") (*quoting Daniels v. Amerco*, 1983-1 Trade Cas. P 65, 274 (S.D.N.Y.1983)). These shared claims also satisfy the requirement that the claims of the representative parties be typical of other purchasers of Shaw Group securities.

Thus, the close alignment of interests between Movant and other Class Period purchasers of Shaw Group securities as well as Movant's strong desire to prosecute the claims on behalf of such persons and entities, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class;
>
> or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Courts in the Fifth Circuit have held that the "adequacy" of a class representative for Rule 23 purposes means that (i) the plaintiff's attorney is qualified experienced and generally able to conduct the litigation and (ii) the plaintiff does not have any interests antagonistic to the class. *Shipes v. Trinity Indus.*, 987 F.2d 311, 316 (5th Cir. 1993).

Movant's ability and desire to fairly and adequately represent other purchasers of Shaw Group securities has been discussed above. Movant is not aware of any unique defenses defendants could raise against it that would render it inadequate to represent other purchasers of Shaw Group securities. Further, Movant has demonstrated its commitment to protecting the interests of the Class by filing its own complaint and by signing a Certification expressing its willingness to serve as class representative and provide deposition and trial testimony, if necessary. Movant has selected experienced and competent counsel, who,

11

as detailed below, will provide excellent representation of the Class' interests. See Berger Aff Exhibit D (resume of Movant's counsel). Moreover, the fact that Movant has the largest known financial stake in the litigation also provides an incentive for Movant to vigorously prosecute this action. In fact, Movant was appointed by courts, and has served, as lead plaintiff on prior occasions: see *In re Guess? Inc. Securities Litigation*, 2001 WL 861694 (C.D.Cal., April 26, 2001), *OM Group Securities Litigation*, 1:02cv2163, (N.D.Ohio), *In re King Pharmaceuticals Securities Litigation*, 2:03cv77, (E.D.Tenn.), *In re Levi Strauss & Co., Securities Litigation*, C-03-05605, (N.D. Cal.). See also Berger Aff. Ex. B (movant's certification, listing prior lead plaintiff appointments).[2] Accordingly, Movant should be appointed Lead Plaintiff for the Class.

## III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

---

[2] While the PSLRA bars "professional plaintiffs" from serving as lead plaintiff more than five times in any three year period (see 15 U.S.C. §78u-4(a)(3)), that bar does not apply to institutional investors such as Movant, a public pension fund. "The majority of courts that have considered this issue have determined that the limitation does not apply to institutional investors." *Smith v. Suprema Specialities, Inc.*, 206 F. Supp. 2d 627, 641 (D.N.J. 2002). The PSLRA's legislative history makes clear that "institutional investors seeking to serve as lead plaintiff may need to exceed this limitation and do not represent the type of professional plaintiff this legislation seeks to restrict." *Smith, supra*, 206 F. Supp. 2d at 640 (*citing* H.R. CONF. REP. No. 104-369 (1995)). *Accord Meevwenberg v. Best Buy Co., Inc.*, 2004 WL 950362 at *2 (D. Minn. Apr. 29, 2004); *In re Daimler-Chrysler AG Sec. Litig.* 216 F.R.D. 291, 299 (D. Del. 2003); *In re Cree Inc. Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003); *In re Gemstar-TV Guide Int'l Inc. Sec. Litig.*, 209 F.R.D. 447, 453-54 (C.D. Cal. 2002); *Naiditch v. Applied Micro Circuits Corp.*, 2001 WL 1659115 at *7 (S.D. Cal. Nov. 5, 2001); *In re Critical Path Inc.*, 156 F. Supp. 2d 1102, 1112 (N.D. Cal. 2001).

Movant has selected the law firm of Kirby McInerney & Squire to serve as Lead Counsel for the proposed class. Kirby McInerney & Squire LLP is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Berger Aff., at Exhibit D. As a result of their extensive experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the purchasers of Shaw Group securities will receive the best legal representation available.

## CONCLUSION

For all the foregoing reasons, The Policemen and Firemen Retirement System of the City of Detroit respectfully requests that the Court: (i) consolidate the above captioned actions (ii) appoint it as Lead Plaintiff; (iii) approve its selection of Lead Counsel for the Class; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: New Orleans, Louisiana

August __16__, 2004

Respectfully submitted,

GLADSTONE N. JONES (#22221), T.A.
PETER N. FREIBERG (#22912)
LYNN E. SWANSON (#22650
JONES, VERRAS & FREIBERG, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500

13

PETER S. LINDEN
RANDALL K. BERGER
IRA M. PRESS
KIRBY MCINERNEY & SQUIRE, LLP
830 Third Avenue, 10th Floor
New York, New York 10022
(212) 371-6600

JAMES ALLEN, SR.
ALLEN BROTHERS, P.L.L.C.
400 Monroe, Suite 220
Detroit, MI 48226
(313) 962-7777

Attorneys for Movant, The Policemen and
Firemen Retirement System of the City of Detroit

14

# SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED