

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EARL THOMPSON, On Behalf of Himself and All Others Similarly Situated, | ) ) | Civil Action No. 04-1685 **(Consolidated)** |
| | ) | |
| Plaintiff, | ) ) | SECTION C 1 Honorable Helen Ginger Berrigan |
| vs. | ) ) | |
| THE SHAW GROUP, INC., et al., | ) ) | |
| Defendants. | ) ) ) | **ORAL ARGUMENT REQUESTED** |

~~NOTICE OF~~ MOTION OF THE INSTITUTIONAL INVESTOR GROUP
FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL
OF SELECTION OF LEAD AND LIAISON COUNSEL

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Alaska Electrical Pension Fund, Indiana Electrical Workers

Pension Trust Fund IBEW, Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust

Fund, Carpenters Pension Fund of Baltimore, Maryland, and Hawaii Laborers Pension Plan

(collectively, the "Institutional Investor Group") will hereby move this Court, on Wednesday, the

29th day of September, 2004 at 9:30 a.m., for an Order (attached hereto as Exhibit A): (i) appointing

the Institutional Investor Group as Lead Plaintiff; (ii) approving the Institutional Investor Group's

selection of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP to serve as Lead

Counsel and John D. Fitzmorris, Jr. to serve as Liaison Counsel; and (iii) granting such other and



further relief as the Court may deem just and proper. In support of this Motion, the Institutional

Investor Group submits herewith a Memorandum of Law and Declaration of John D. Fitzmorris, Jr.

dated August 16, 2004.

DATED:  August 16, 2004

ATTORNEY AT LAW
JOHN D. FITZMORRIS, JR. #5594


_____
JOHN D. FITZMORRIS, JR.

210 Baronne Street, Suite 1122
New Orleans, LA  70112
Telephone:  504/586-9395
504/586-9410 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
MARIO ALBA JR.
DAVID A. ROSENFELD
200 Broadhollow Road, Suite 406
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

C:\DOCUME~1\change\LOCALS~1\Temp\MetaSave\NOT00012660-LP.doc

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EARL THOMPSON, On Behalf of Himself and All Others Similarly Situated, | ) ) | Civil Action No. 04-1685 **(Consolidated)** |
| | ) | |
| Plaintiff, | ) ) | SECTION C 1 Honorable Helen Ginger Berrigan |
| vs. | ) ) | |
| THE SHAW GROUP, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

NOTICE OF HEARING

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that undersigned counsel will bring the Institutional Investor Group's Motion for Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 for hearing before the Honorable Helen G. Berrigan at 9:30 a.m. on Wednesday, the 29th day of September, 2004 in Section C Courtroom C552 of the United Stated District Court for the Eastern District of Louisiana.

DATED:  August 16, 2004

ATTORNEY AT LAW
JOHN D. FITZMORRIS, JR. #5594


JOHN D. FITZMORRIS, JR.

- 1 -

210 Baronne Street, Suite 1122
New Orleans, LA  70112
Telephone:  504/586-9395
504/586-9410 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
MARIO ALBA JR.
DAVID A. ROSENFELD
200 Broadhollow Road, Suite 406
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

C:\DOCUME~1\change\LOCALS~1\Temp\MetaSave\NOT00012662-hrg.doc

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EARL THOMPSON, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Civil Action No. 04-1685 **(Consolidated)** |
| Plaintiff, | ) ) ) | SECTION C 1 Honorable Helen Ginger Berrigan |
| vs. | ) ) | |
| THE SHAW GROUP, INC., et al., | ) ) | |
| Defendants. | ) ) ) | **ORAL ARGUMENT REQUESTED** |

MEMORANDUM IN SUPPORT OF THE MOTION OF THE INSTITUTIONAL INVESTOR
GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
SELECTION OF LEAD AND LIAISON COUNSEL

## I.    PRELIMINARY STATEMENT

Presently pending before this Court is a consolidated securities class action lawsuit (the

"Action") brought on behalf of all those who purchased or otherwise acquired The Shaw Group, Inc.

("Shaw Group" or the "Company") shares between October 19, 2000 and June 10, 2004, inclusive

(the "Class Period") and allege violations of §§10(b) and 20(a) of the Securities Exchange Act of

1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995

("PSLRA") (15 U.S.C. §§78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R.

§240.10b-5).

Institutional investors Alaska Electrical Pension Fund, Indiana Electrical Workers Pension Trust Fund IBEW, Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund, Carpenters Pension Fund of Baltimore, Maryland, and Hawaii Laborers Pension Plan (collectively, the "Institutional Investor Group") hereby moves this Court for an order to: (i) appoint the Institutional Investor Group as Lead Plaintiff in this Action under §21D(a)(3)(B) of the Exchange Act; and (ii) approve the Institutional Investor Group's selection of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") to serve as Lead Counsel and John D. Fitzmorris, Jr. to serve as Liaison Counsel.

This motion is made on the grounds that the Institutional Investor Group is the most adequate plaintiff, as defined by the PSLRA. The members of the Institutional Investor Group are precisely the type of institutional investors that Congress sought to summon and empower when it enacted the PSLRA. *See In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 311 (S.D.N.Y. 2001) (holding that the institutional investor proposed as lead plaintiff "closely fits the profile of the kind of lead plaintiff Congress had in mind when it enacted the Reform Act"). Moreover, as institutional investors, the members of the Institutional Investor Group are accustomed to acting as fiduciaries and their experience in legal and financial matters will substantially benefit the class.

The Institutional Investor Group collectively suffered losses of $957,214.14 in connection with its purchases of thousands of Shaw Group shares during the Class Period. *See* Declaration of John D. Fitzmorris, Jr. in Support of the Motion for the Institutional Investor Group for Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel ("Fitzmorris Decl."), Ex. A, filed herewith.[1]  To the best of our knowledge, this is the greatest loss sustained by any

---

[1]     The losses suffered by the Institutional Investor Group are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from

moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action. In addition, the Institutional Investor Group, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND[2]

The Shaw Group is a global provider of services to the power, process and environmental and infrastructure industries. The Company is a vertically integrated provider of engineering, procurement, pipe fabrication, construction and maintenance services to the power and process industries. It also provides services to the environmental, infrastructure and homeland security markets, including consulting, engineering, construction, remediation and facilities management services to governmental and commercial customers.

The Complaint charges Shaw Group and certain of its officers and directors with violations of the Exchange Act. The Complaint alleges that defendants made false and misleading statements about Shaw Group's finances, prospects and acquisitions. As a result of defendants' false statements, Shaw Group's stock traded at artificially inflated prices, trading as high as $62.37 per share in April 2001. The true but concealed facts were: (i) Shaw Group was prematurely recognizing income in violation of Generally Accepted Accounting Principles by releasing acquisition-related contract reserves into earnings, boosting its profit by $200 million over three and a half years; and (ii) Shaw

---

the certifications required under §21D of the Exchange Act and based upon reference to information concerning the current market for the Company's securities. The Institutional Investor Group's transactions in Shaw Group shares are set forth in the accompanying loss chart.

[2]      These facts are drawn from the allegations in the Complaint for Violation of Securities Exchange Act of 1934 (the "Complaint"), captioned *Liana Didio v. The Shaw Group, Inc., et al.*, No. 04-1787, filed June 25, 2004.

- 3 -

Group's business was not performing as well as represented and a significant number of its contracts were not profitable, which it was concealing through accounting manipulations, including improperly accelerating revenue recognition under the percentage-of-completion method of accounting. Defendants took advantage of this inflation, selling $54.3 million worth of their personal Shaw Group holdings and accomplishing two secondary offerings of Shaw Group stock, raising more than $215 million in net proceeds.

Then, on June 14, 2004, it was revealed that the Securities Exchange Commission ("SEC") was investigating Shaw Group's accounting for purchases, causing its stock to fall to $10.05 per share on volume of 4.2 million shares.

## III.   ARGUMENT

### A.    The Institutional Investor Group Should Be Appointed Lead Plaintiff

#### 1.    The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the action entitled *Earl Thompson v. The Shaw Group, Inc., et al.*, No. 04-1685 (HGB), filed June 29, 2004, caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national business-oriented newswire service, on June 17, 2004. *See* Fitzmorris Decl., Ex. C. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

- 4 -

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice...;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

**B.    The Institutional Investor Group Satisfies the "Lead Plaintiff" Requirements of the Exchange Act**

**1.    The Institutional Investor Group Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff**

The time period in which class members may move to be appointed Lead Plaintiff herein, under 15 U.S.C. §§78u-4(a)(3)(A) and (B), expires on August 16, 2004. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on June 17, 2004), the Institutional Investor Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The members of the Institutional Investor Group have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. *See* Fitzmorris Decl., Ex. B. In addition, the Institutional Investor Group has selected and retained competent

counsel to represent them and the class. *See* Fitzmorris Decl., Ex. D. Accordingly, the Institutional Investor Group has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead and Liaison Counsel, as set forth herein, considered and approved by the Court.

### 2.  The Institutional Investor Group Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 639, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. The members of the Institutional Investor Group, as institutional investors, are precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. *See id.* ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").

### 3.  The Institutional Investor Group Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Fitzmorris Decl., Ex. B, the Institutional Investor Group purchased thousands of Shaw Group shares in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. In addition, the Institutional Investor Group incurred a

substantial $957,214.14 loss on its transactions in Shaw Group shares. The Institutional Investor Group thus has a significant financial interest in this case. Therefore, the Institutional Investor Group satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 4.    The Institutional Investor Group Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 6, 1997); *Fischler v. Amsouth Bancorporation*, No. 96-1567-CIV -T- 17A, 1997 U.S. Dist. LEXIS 2875, at *7-*8 (M.D. Fla. Feb. 6, 1997). The Institutional Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events

- 7 -

and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'") (citation omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

The Institutional Investor Group satisfies this requirement because, just like all other class members, it: (1) purchased Shaw Group shares during the Class Period; (2) purchased Shaw Group shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Institutional Investor Group's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Institutional Investor Group to represent the class to the existence of any conflicts between the interest of the Institutional Investor Group and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who are qualified, experienced and able to vigorously conduct the

proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)).

Here, the members of the Institutional Investor Group are adequate representatives of the class. As evidenced by the injuries suffered by the Institutional Investor Group, who purchased Shaw Group shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of the Institutional Investor Group are clearly aligned with the members of the class and there is no evidence of any antagonism between the Institutional Investor Group's interests and those of the other members of the class. Further, the Institutional Investor Group has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, the Institutional Investor Group's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Institutional Investor Group *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## C.      The Court Should Approve the Institutional Investor Group's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the Institutional Investor Group has selected the law firms of Lerach Coughlin as Lead Counsel and John D. Fitzmorris, Jr. as Liaison Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. *See* Fitzmorris Decl., Ex. D. Accordingly, the Court should approve the Institutional Investor Group's selection of counsel.

## IV.     CONCLUSION

For all the foregoing reasons, the Institutional Investor Group respectfully requests that the Court: (i) appoint the Institutional Investor Group as Lead Plaintiff in this Action; (ii) approve its

selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED:  August 16, 2004

Respectfully submitted,

ATTORNEY AT LAW
JOHN D. FITZMORRIS, JR. #5594

JOHN D. FITZMORRIS, JR.

210 Baronne Street, Suite 1122
New Orleans, LA  70112
Telephone:  504/586-9395
504/586-9410 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
MARIO ALBA JR.
DAVID A. ROSENFELD
200 Broadhollow Road, Suite 406
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

C:\DOCUME~1\change\LOCALS~1\Temp\MetaSave\BRF00012671-LP.doc

- 10 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EARL THOMPSON, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Civil Action No. 04-1685 **(Consolidated)** |
| Plaintiff, | ) ) | SECTION C 1 Honorable Helen Ginger Berrigan |
| vs. | ) ) | |
| THE SHAW GROUP, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

## MOTION AND INCORPORATED MEMORANDUM OF THE INSTITUTIONAL INVESTOR GROUP'S MOTION FOR ORAL ARGUMENT ON THE MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD AND LIAISON COUNSEL

Class members Alaska Electrical Pension Fund, Indiana Electrical Workers Pension Trust Fund IBEW, Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund, Carpenters Pension Fund of Baltimore, Maryland, and Hawaii Laborers Pension Plan (collectively, the "Institutional Investor Group") respectfully moves this Court for an order scheduling Oral Argument on the Motion for Appointment of Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

The Institutional Investor Group has, contemporaneously with the filing of this motion, filed its Motion for Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel.

- 1 -

The motion for oral argument is made because the Institutional Investor Group believes that oral argument would be helpful to the Court's resolution of the complex factual and legal issues raised by the PSLRA.

DATED:  August 16, 2004

Respectfully submitted,

ATTORNEY AT LAW
JOHN D. FITZMORRIS, JR. #5594


_____
          JOHN D. FITZMORRIS, JR.

210 Baronne Street, Suite 1122
New Orleans, LA  70112
Telephone:  504/586-9395
504/586-9410 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
MARIO ALBA JR.
DAVID A. ROSENFELD
200 Broadhollow Road, Suite 406
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

C \DOCUME~1\change\LOCALS~1\Temp\MetaSave\BRF00012664-OA.doc

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EARL THOMPSON, On Behalf of Himself and All Others Similarly Situated, | ) ) | Civil Action No. 04-1685 **(Consolidated)** |
| | ) | |
| Plaintiff, | ) ) | SECTION C 1 Honorable Helen Ginger Berrigan |
| vs. | ) | |
| | ) | |
| THE SHAW GROUP, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

[PROPOSED] ORDER SETTING ORAL ARGUMENT ON THE LEAD PLAINTIFF
AND LEAD AND LIAISON COUNSEL MOTIONS

Having considered the Institutional Investor Group's Motion for Oral Argument on the

Motion for Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel, and good

cause appearing therefor:

Institutional Investor Group's Motion is GRANTED; and Oral Argument on the Lead

Plaintiff and Lead Counsel is scheduled for _____, 2004 at _____.

SO ORDERED this ____ day of _____, 2004

DATED: _____    _____

THE HONORABLE HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

C \DOCUME~1\change\LOCALS~1\Temp\MetaSave\ORD00012657-OA doc

- 1 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EARL THOMPSON, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Civil Action No. 04-1685 **(Consolidated)** |
| Plaintiff, | ) ) ) | SECTION C 1 Honorable Helen Ginger Berrigan |
| vs. | ) ) | |
| THE SHAW GROUP, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

## [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD AND LIAISON COUNSEL

Having considered the motion of Alaska Electrical Pension Fund, Indiana Electrical Workers Pension Trust Fund IBEW, Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund, Carpenters Pension Fund of Baltimore, Maryland, and Hawaii Laborers Pension Plan (collectively, the "Institutional Investor Group") for appointment as Lead Plaintiff and approval of selection of Lead and Liaison Counsel and the Memorandum of Law and Declaration of John D. Fitzmorris, Jr., in support thereof, and good cause appearing therefor:

1.       The Institutional Investor Group is hereby appointed Lead Plaintiff for the class pursuant to §21D of the Securities Exchange Act of 1934; and

- 1 -

2.     The law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP is hereby

appointed Lead Counsel and John D. Fitzmorris, Jr. is hereby appointed Liaison Counsel.

SO ORDERED this _____ day of _____, 2004.


DATED: _____

                                        THE HONORABLE HELEN G. BERRIGAN
                                        UNITED STATES DISTRICT JUDGE

C:\DOCUME~1\change\LOCALS~1\Temp\MetaSave\ORD00012655-LP doc

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EARL THOMPSON, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Civil Action No. 04-1685 **(Consolidated)** |
| Plaintiff, | ) ) | SECTION C 1 Honorable Helen Ginger Berrigan |
| vs. | ) ) | |
| THE SHAW GROUP, INC., et al., | ) ) | |
| Defendants. | ) ) ) | **ORAL ARGUMENT REQUESTED** |

DECLARATION OF JOHN D. FITZMORRIS, JR. IN SUPPORT OF THE MOTION
OF THE INSTITUTIONAL INVESTOR GROUP FOR APPOINTMENT
AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION
OF LEAD AND LIAISON COUNSEL

I, John D. Fitzmorris, Jr., declare:

1.     I am an attorney duly licensed to practice before the courts of the State of Louisiana.

I am the proposed Liaison Counsel for Alaska Electrical Pension Fund, Indiana Electrical Workers

Pension Trust Fund IBEW, Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust

Fund, Carpenters Pension Fund of Baltimore, Maryland, and Hawaii Laborers Pension Plan

(collectively, the "Institutional Investor Group"), and the class. I submit this Declaration in support

of the Motion of the Institutional Investor Group for Appointment as Lead Plaintiff and for Approval

of Selection of Lead and Liaison Counsel.

- 1 -

2.      Attached hereto as Exhibit A is a true and accurate copy of a loss chart presenting the transactions in the subject securities and summarizing the estimated collective losses of the Institutional Investor Group at $957,214.14, in connection with its purchases of The Shaw Group, Inc. shares.

3.      Attached hereto as Exhibit B are the certifications of the members of the Institutional Investor Group.

4.      Attached hereto as Exhibit C is a true and accurate copy of the first notice published regarding the pendency of these actions, published on *Business Wire*, a national business-oriented newswire service, dated June 17, 2004.

5.      Attached hereto as Exhibit D is a true copy of the firm resume of Lerach Coughlin Stoia Geller Rudman & Robbins LLP.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 16th day of August, 2004, at New Orleans, Louisiana.

_____
JOHN D. FITZMORRIS, JR.

C \DOCUME~1\change\LOCALS~1\Temp\MetaSave\DEC00012667-LP doc

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on August 16, 2004, I caused a true and correct copy

of the attached:

Notice of Motion for Appointment as Lead Plaintiff and for Approval of Selection of
Lead and Liaison Counsel;

Motion and Incorporated Memorandum of Institutional Investor Group's Motion for Oral
Argument on Motion for Appointment as Lead Plaintiff and Approval of Lead and
Liaison Counsel;

Memorandum in Support of the Motion of the Institutional Investor Group for
Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison
Counsel;

Declaration of John D. Fitzmorris, Jr. in Support of the Motion of the Institutional
Investor Group for Appointment as Lead Plaintiff and for Approval of Selection of Lead
and Liaison Counsel;

Notice of Hearing;

Request for Oral Argument;

[Proposed] Order Appointing Lead Plaintiff and Approving Selection of Lead and
Liaison Counsel; and

[Proposed] Order Setting Oral Argument on the Lead Plaintiff and Lead and
Liaison Counsel Motions

to be served by first-class mail to all counsel on the attached service list.

Mario Alba Jr.

# SEE RECORD FOR
# EXHIBITS
# OR
# ATTACHMENTS
# NOT SCANNED