UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EARL THOMPSON**                                               **CIVIL ACTION**

**versus**                                                              **NO. 04-1685**

**THE SHAW GROUP INC., et al**                       **SECTION "C" (1)**

### ORDER AND REASONS

Before the Court is the Defendants' Motion to Certify Matter for Immediate Appeal the Order Dated May 24, 2006, pursuant to 28 U.S.C. § 1292(b).[1] For the following reasons, IT IS ORDERED that the Motion is hereby GRANTED.

The Defendants argue that there is a controlling question of law as to which there is a substantial ground for difference of opinion; specifically, whether the Plaintiffs in this securities claim have adequately stated a cause of action under the Private Securities Litigation Reform Act

---

[1] Section 1292 of Title 28 of the United States Code provides that:
> when a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

("PSLRA"), Fed. R. Civ P. 9(b), and Fed. R. Civ P. 12(b). The Court agrees that there is substantial ground for difference of opinion on the issue of whether the Plaintiffs have sufficient pled their claims. The claims set forth by the Plaintiffs are complex and extraordinarily detailed, and, on May 24, 2006, this Court found that the Plaintiffs satisfied their pleading burden. In spite of this ruling, the Defendants argue that the Plaintiffs have not sufficiently detailed the required scienter on the part of the Defendants, *Financial Acquisition Partners LP v. Blackwell*, 440 F. 3d 278, 287 (5th Cir. 2006), the sources of their information supporting their allegations, *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 352 (5th Cir. 2002), and the existence of any accounting improprieties, *Sushany v. Allwaste*, 992 F.2d 517, 521-522 (5th Cir. 1993). The Defendants also argue that the Plaintiffs have not sufficient alleged facts stating a claim with respect to each individual defendant, *Blackwell*, 440 F. 3d at 287, and that the Plaintiffs have not adequately established loss causation, *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336, 342-343 (2005). Having reviewed the cases cited by the Defendants, this Court concedes that reasonable minds might disagree on the issue of whether the Plaintiffs have satisfied their pleading burden under the heightened standards set forth for securities claims.

In light of the fact that a ruling favorable to Defendants on this issue would render years of discovery, enormous expenses incurred by the parties, and a trial on the merits unnecessary, the Court finds that an "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification may also conserve judicial resources; if the case were tried on the merits and ultimately reversed on appeal, this Court would have wasted substantial resources in administering and hearing a full-blown trial on the merits. Thus,

IT IS ORDERED that the issue of whether Plaintiffs have adequately satisfied their pleading

burden under the PSLRA, Fed. R. Civ P. 9(b), and Fed. R. Civ P. 12(b) is hereby certified pursuant to 28 U.S.C. § 1292(b) for immediate appeal.

IT IS FURTHER ORDERED that this litigation is hereby STAYED until thirty days after the Fifth Circuit issues its mandate with regard to the issue.

New Orleans, Louisiana, this 18th day of July, 2006.

_____
Judge Helen G. Berrigan
United States District Judge